UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID QUINONEZ RODENAS,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | Case No. CV 11-8289-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On October 5, 2011, plaintiff Ingrid Quinonez Rodenas filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of disability insurance benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Two issues are presented for decision here: (1) whether the Administrative Law Judge ("ALJ") gave specific and legitimate reasons for rejecting the opinions

of two treating physicians; and (2) whether the ALJ properly discounted plaintiff's credibility and subjective symptoms.

Having carefully studied, inter alia, the briefs submitted by the parties and the Administrative Record ("AR"), the court finds that the ALJ erred. First, the ALJ's bases for rejecting the opinion of at least one of the examining physicians were not specific and legitimate reasons supported by substantial evidence. And second, the ALJ erred in rejecting plaintiff's subjective testimony without providing clear and convincing reasons for doing so. The court therefore reverses the Commissioner's decision denying benefits and remands for further proceedings consistent with this opinion.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-nine years old on the date of her March 29, 2011 administrative hearing, has an Associate of Arts degree. *See* AR at 33, 36. Her past relevant work includes employment as a vocational rehabilitation counselor. *Id.* at 36.

On April 16, 2009, plaintiff applied for DIB, and ultimately alleged that she has been disabled since March 16, 2009. AR at 136. Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 73-77, 80-81, 87. The request was dismissed as untimely by ALJ Christine Long. *Id.* at 64-68. The appeals counsel remanded for a hearing, which was held before ALJ Alexander Weir, III. *Id.* at 69-71, 31-62.

On March 29, 2011, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 31-62. The ALJ also heard testimony from Susan Green, a vocational expert ("VE"). *Id.* at 57-59. On May 5, 2011, the ALJ affirmed the denial of plaintiff's request for benefits. *Id.* at 26.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since

her alleged disability onset date. AR at 19.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of: fibromyalgia, hypertension, and diabetes. AR at 19. The ALJ also found that plaintiff suffers from a mood disorder, but that this mental impairment is non-severe. *Id.*

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 24.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that she can perform the full range of medium work as defined in 20 CFR 404.1567(c).[2] AR at 24. The ALJ specifically found she "can lift and carry 50 pounds occasionally and 25 pounds frequently"; "stand and walk for 6 hours and sit for 6 hours in an 8 hour day, with normal breaks"; and "push and pull without significant limitation." *Id.*

The ALJ found, at step four, that plaintiff is capable of performing her past relevant work as a vocational rehabilitation counselor as described in Dictionary of Occupational Titles ("DOT") § 045.107-042. AR at 25. The ALJ therefore concluded plaintiff is not disabled within the meaning of the Social Security Act.

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c) (2012).

3

1  *Id.* at 26.

2  Plaintiff filed a timely request for review of the ALJ's decision, which was
3  denied by the Appeals Council. AR at 1-6, 11. The ALJ's decision stands as the
4  final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

7  This court is empowered to review decisions by the Commissioner to deny
8  benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security
9  Administration must be upheld if they are free of legal error and supported by
10 substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
11 But if the court determines that the ALJ's findings are based on legal error or are
12 not supported by substantial evidence in the record, the court may reject the findings
13 and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033,
14 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).
15 However, "the court will not reverse an ALJ's decision for harmless error, which
16 exists when it is clear from the record that the ALJ's error was 'inconsequential to
17 the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035,
18 1038 (9th Cir. 2008).

19 "Substantial evidence is more than a mere scintilla, but less than a
20 preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
21 evidence which a reasonable person might accept as adequate to support a
22 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276
23 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding,
24 the reviewing court must review the administrative record as a whole, "weighing
25 both the evidence that supports and the evidence that detracts from the ALJ's
26 conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
27 simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
28 at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).

However, if the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

### A. **The ALJ Improperly Rejected the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting the opinions of two treating physicians, Dr. Lillian Szydlo and psychiatrist Dr. Jean Carlin. Pl's. Mem. at 7. The court agrees, at least with respect to Dr. Szydlo's opinion.

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830 (citation omitted); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) (citation omitted). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).

Where the treating physician's "opinion is not contradicted by another doctor,

5

it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons." (citation omitted)). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

Here, the opinion of plaintiff's treating physician Dr. Szydlo was arguably contradicted by, or at least differed in some respects from, the findings of Dr. Tamayo. Consequently, the ALJ was only required to provide specific and legitimate reasons supported by substantial evidence in order to reject Dr. Szydlo's opinion. Without such reasons, Dr. Szydlo's ultimate conclusion concerning the detrimental effects of the fibromyalgia pain must be given controlling weight. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Having carefully reviewed the record and briefs, the court finds that the ALJ's rejection of Dr. Szydlo's opinion was not based on specific and legitimate reasons supported by substantial evidence.

The ALJ gives two justifications for rejecting Szydlo's conclusions, but neither is sufficient. First, the ALJ stated that Dr. Szydlo "did not treat the claimant more frequently than every two months or sooner if needed." AR at 21. If this statement was intended to undermine Dr. Szydlo's status as a treating physician by implying that there is insufficient longitudinal history, such reasoning is without

1  merit.  The deference given to treating physicians' opinions is based on the fact that
2  a treating physician "is employed to cure and has a greater opportunity to know and
3  observe the patient as an individual."  *Sprague*, 812 F.2d at 1230 (citation omitted).
4  There is no reason to suppose that the frequency of appointments set by Dr. Szydlo
5  renders her any less a treating physician whose opinion is entitled to deference.
6  Likewise, the frequency of plaintiff's treatments with Dr. Szydlo does not undercut
7  Dr. Szydlo's opinion in this case, and does not provide a legitimate reason to reject
8  the opinion.

9       Second – and apparently more central to the ALJ's reasoning – the ALJ
10 pointed out that Dr. Szydlo reported "normal laboratory studies and x-rays" and
11 thus, according to the ALJ, "[t]here is no indication in the medical records that the
12 claimant has" the limitations found by Dr. Szydlo.  AR at 21.  This is simply
13 incorrect, and is not a legitimate reason for rejecting findings regarding
14 fibromyalgia.  Fibromyalgia is not diagnosed through "objective" means, and to
15 require such evidence is legal error.  *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th
16 Cir. 2004) ("The ALJ erred by 'effectively requir[ing] "objective" evidence for a
17 disease that eludes such measurement.'") (quoting *Green-Younger v. Barnhart*, 335
18 F.3d 99, 108 (2d Cir. 2003)).  The social security administration acknowledges that
19 the primary means of diagnosis is the tender points method.  *See* SSA
20 Memorandum, Fibromyalgia, Chronic Fatigue Syndrome, and Objective Medical
21 Evidence Requirements for Disability Adjudication, at 5 (May 11, 1998) (cited in
22 *Green-Younger*, 335 F.3d at 107).  Using that method, Dr. Szydlo found evidence of
23 fibromyalgia on at least three separate occasions.  *See* AR at 670, 672, 680.
24 "[N]ormal laboratory studies and x-rays" are consistent with a diagnosis of
25 fibromyalgia, and therefore Dr. Szydlo's conclusions may not be discredited on that
26 basis.  *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869,
27 872 (9th Cir. 2004), *abrogated on other grounds by Abatie v. Alta Health & Life*
28 *Ins. Co.*, 458 F.3d 955, 969 (9th Cir. 2006).

1       Accordingly, the court finds that the ALJ erred in rejecting treating physician Szydlo's opinion. Although the ALJ may have provided specific and legitimate reasons for rejecting the opinion of Dr. Carlin, the ALJ's analysis of Dr. Carlin's opinion may be affected by a reconsideration of Dr. Szydlo's opinion, given the relationship between plaintiff's fibromyalgia and the psychological problems treated by Dr. Carlin. As such, the court does not finally decide here whether the ALJ erred in rejecting Dr. Carlin's opinion, but instead directs, as discussed below, that Dr. Carlin's opinion should be reassessed on remand along with Dr. Szydlo's.

**B.     The ALJ Failed to Provide Clear and Convincing Reasons for Discrediting Plaintiff's Subjective Complaints**

      Plaintiff argues that the ALJ failed to properly assess her credibility. *See* Pl's. Mem. at 12. The court agrees.

      A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton*, 331 F.3d at 1040. But once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)).

      Instead, once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaints "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. In this case, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR at 25. Having made this finding, he could only discredit her testimony based on either evidence of malingering or clear and convincing reasons. The ALJ did not find evidence of malingering. Thus, in

rejecting plaintiff's credibility the ALJ was required to articulate clear and convincing reasons.

The ALJ may consider the following factors in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Although the reasons given for discounting a claimant's credibility may include findings from the objective medical evidence, the reasons may not be based solely on the medical evidence. Rather, where, as here, the plaintiff produced sufficient medical evidence of underlying impairments that are likely to cause some degree of her alleged symptoms, the ALJ errs to the extent he rejects the plaintiff's credibility based solely upon a lack of objective findings to support her allegations. *See Bunnell*, 947 F.2d at 345 ("once [a] claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject [the] claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain" (citation omitted)); Social Security Ruling ("SSR") 96-7p,[3] 1996 WL 374186, at *1 (July 2, 1996) (claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence").

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

In this case, the ALJ stated: "There are specific and legitimate reasons for rejecting the claimant's excess symptom testimony based on the objective medical evidence and the claimant's lack of credibility." AR at 22. But he failed to articulate his reasons for finding plaintiff lacked credibility. Instead, the ALJ followed that statement with several paragraphs that may or may not relate to his credibility assessment; this court can only guess.

Primarily, the ALJ cites to the medical records in the case. *See* AR at 22-24. As noted, although a lack of medical evidence supporting plaintiff's symptoms cannot be the sole reason for rejecting her testimony, it can be one of several factors used in evaluating the credibility of her subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001). But as set forth in the preceding section, the ALJ erred in his assessment of the medical opinions in this case in that he erroneously discredited findings regarding the extent and effect of plaintiff's fibromyalgia due to lack of objective evidence. As such, any discounting of plaintiff's credibility based on lack of objective medical evidence is likewise suspect.

Even assuming the ALJ cited some legitimate reasons from the objective medical records to question plaintiff's credibility, he failed to clearly identify any other legitimate reason outside of the medical evidence to discount plaintiff's credibility. The only such reason suggested by defendant is that the ALJ noted plaintiff stopped taking certain fibromyalgia medications at one point for fear of weight gain. Def's. Mem. at 7; *see* AR at 22. Defendant contends that the ALJ found plaintiff's unwillingness to take preventative medication called into question whether her impairment was at a disabling level. Def's. Mem. at 7-8. But the ALJ does not say this. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." (citation omitted)). It is not at all clear why the ALJ noted that plaintiff stopped taking the medication,

particularly as he proceeds to discuss the benefits she received from certain medications she did take, apparently to support his finding that "if an impairment can be controlled by treatment or medication, it cannot be considered disabling." *See* AR at 22-23. If anything, this appears to be more analysis of the medical evidence rather than analysis of plaintiff's credibility aside from the medical evidence.

Accordingly, the court finds that the ALJ failed to provide clear and convincing reasons for discounting plaintiff's subjective complaints of pain and limitation.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to properly evaluate both the opinion of plaintiff's treating physician and plaintiff's credibility. On remand, the ALJ shall reassess all the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions. The ALJ shall also reassess and reconsider

plaintiff's subjective complaints, and either credit plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting it. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: August 29, 2012



_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE