UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID QUINONEZ RODENAS,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 11-8289-SP<br><br>MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

       Plaintiff's counsel, Lawrence D. Rohlfing of the Law Offices of Lawrence D. Rohlfing, has filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("406(b) Motion"). Plaintiff's counsel seeks an award of fees of $16,000 from a recovery of $84,812 in retroactive benefits for plaintiff. For the reasons set forth below, the court grants the 406(b) Motion for fees in this amount.

## I.

## **BACKGROUND**

       Plaintiff Ingrid Quinonez Rodenas filed a complaint in this court on October 5, 2011, seeking a review of a denial of disability insurance benefits. On August 29, 2012, following the parties' full briefing of the issues in dispute, the court

1

reversed the decision of the Commissioner of Social Security and remanded the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On October 29, 2012, based on the parties' stipulation for the award of fees under the Equal Access to Justice Act ("EAJA"), the court awarded plaintiff's counsel fees and expenses in the amount of $4,500, and costs in the amount of $410.

Upon remand to the Commissioner, on December 26, 2012, the Administrative Law Judge ("ALJ") found plaintiff has been under a disability since March 16, 2009.  *See* 406(b) Mtn., Ex. 2.  On March 25, 2013, the Social Security Administration ("SSA") notified plaintiff that she was due monthly benefits beginning in September 2009 in amounts ranging from $2,095.20 to $2,207.50.  406(b) Mtn., Ex. 3.  This amounts to past due benefits totaling $84,812.00.  *See* 406(b) Mtn., Rohlfing Decl. ¶ 4, Ex. 3.  Of this, SSA withheld "25 percent of past due benefits," that is, "$21,203.00 from [plaintiff's] past due benefits in case [SSA] need[s] to pay [plaintiff's] lawyer."  406(b) Mtn., Ex. 3 at 2.

On March 29, 2013, plaintiff's counsel Lawrence Rohlfing filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b).  Counsel Rohlfing seeks an award of § 406(b) fees in the amount of $16,000.00, subject to an offset for the $4,500.00 in EAJA fees previously paid.  Counsel states he will also seek fees of $8,000 under 42 U.S.C. § 406(a), but that the total of all fees sought will not exceed the $21,203 withholding in this case.  *See* 406(b) Mtn., Rohlfing Decl., ¶ 6.

The 406(b) Motion is supported by a Declaration of Lawrence Rohlfing and various exhibits.  Included among these is an agreement between plaintiff and the Law Offices of Lawrence D. Rohlfing dated February 24, 2010, in which plaintiff agreed to pay a fee for a successful prosecution of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court . . . subject to approval by the court with jurisdiction."  406(b) Mtn., Ex. 1, ¶ 4.

Also included is a summary of the time spent by attorney Rohlfing, law

clerk Vijay Patel, and two paralegals on work before this court through remand to the Commissioner. 406(b) Mtn., Rohlfing Decl., ¶ 5, Ex. 4. It shows they spent a total of 34.2 hours of attorney and paralegal time representing plaintiff in this court. *Id.*

The 406(b) Motion was served on plaintiff, and explicitly advised plaintiff of her right to file a response to the Motion within fourteen days. 406(b) Mtn. at 2. Plaintiff did not file a response. Defendant, the Commissioner, did file a response to the 406(b) Motion. Defendant takes no position on the reasonableness of the fee request, but advised the court regarding certain legal and other considerations appropriate to its analysis. Counsel Rohlfing filed a reply in support of the 406(b) Motion.

## II.
## DISCUSSION

### A. Fees Available to Attorneys Who Successfully Represent Social Security Benefit Claimants in Court

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits.

Fee awards may be made under the Equal Access to Justice Act as well as 42 U.S.C. § 406(b), and such was the case here. As noted above, plaintiff was previously awarded EAJA fees in the total amount of $4,500 for services rendered by counsel in securing the remand of plaintiff's case. An EAJA award, however, offsets an award under § 406(b) so that the total of the past due benefits actually received by the claimant is increased by the amount of the EAJA award up to the

point where the claimant could potentially obtain one hundred percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (citation omitted).

In *Gisbrecht*, the Supreme Court resolved a circuit split concerning the appropriate method of calculating fees under § 406(b). *Id.* at 799. Several circuits, including the Ninth Circuit, had followed the "lodestar" method, under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly rate. *Id.* (citations omitted). Other circuits had given effect to an attorney-client contingent-fee agreement if the resulting fee was reasonable. *Id.* (citations omitted).

The Supreme Court evaluated the two approaches and concluded that § 406(b) (which limits attorney's fees to twenty-five percent of past-due benefits) was designed to control, and not displace, contingent fee agreements that are within the statutory ceiling. *Id.* at 807-09. The Court held that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. In rejecting the lodestar approach, the Court noted that, while the lodestar method was used in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in litigation, fee-shifting to a losing party was not relevant in § 406(b) cases. *Id.* at 802. As the Court observed, § 406(b) does not authorize the prevailing party to recover fees from the losing party; rather, it authorizes fees payable from the successful party's recovery. *Id.*

In testing the reasonableness of fees yielded by contingency fee agreements within § 406(b)'s twenty-five percent ceiling, *Gisbrecht* provided some guidance by identifying the following examples of factors or circumstances that may warrant a reduction: (1) the result achieved; (2) "substandard" representation by counsel; (3) delay by counsel (justifying a reduction to prevent counsel from profiting from the accumulation of benefits while the case is pending due to any

foot-dragging); (4) "if the benefits are large in comparison to the amount of time counsel spent on the case" thereby resulting in a windfall; and (5) counsel's record of the hours spent representing the claimant and counsel's normal hourly billing rate for non-contingency work. *Id.* at 808; *see also Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1168-72 (C.D. Cal. 2006) (providing a thorough analysis of post-*Gisbrecht* case law and factors considered by various courts).

In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), the Ninth Circuit examined the teachings of *Gisbrecht* as applied to three cases consolidated on appeal, and provided some additional guidance as to how courts in this circuit are to properly conduct that analysis. The court emphasized that, under *Gisbrecht*, the district court "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). After first looking to the fee agreement, the court may "then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). The Ninth Circuit particularly noted that "[t]he lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1149.

**B.     The Reasonableness of the Fees Sought Here**

As prescribed by *Gisbrecht* and *Crawford*, the court here begins with the mutually executed contingency fee agreement between plaintiff and counsel's law firm. *See* 406(b) Mtn., Ex. 1. Plaintiff agreed to pay counsel attorney fees not exceeding twenty-five percent of the back benefits awarded for work before the court – the statutory maximum. *Id.* As discussed above, SSA ultimately awarded

plaintiff past due benefits totaling $84,812. Consequently, under the terms of the fee agreement, plaintiff is contractually obligated to pay counsel total attorney fees of $21,203 ($84,812 x .25), "subject to approval by the court." *See id.* The record does not indicate that the fee agreement was the product of any fraud, coercion, or overreaching.

But plaintiff's counsel here is not seeking fees of $21,203. Instead, plaintiff's counsel is seeking fees of $16,000 – equal to some 18.9 percent of the benefits awarded. Plaintiff has not contested this amount sought. Defendant has not taken a position on this amount, but has offered some critical analysis. The court will therefore test this fee amount for reasonableness, considering the analysis offered by defendant in the process.

Plaintiff's counsel here achieved an outstanding result for plaintiff, and did so efficiently and effectively. For example, plaintiff raised just two issues, and the court found the ALJ erred as to both. Further, there was no unreasonable delay by plaintiff's counsel. Thus, the only question is whether the fees sought would result in a windfall to plaintiff's counsel.

Doing a version of the lodestar check, counsel here seeks $16,000 in fees for 6.3 hours of attorney work, 24.1 hours of law clerk work, and 3.8 hours of paralegal work. Based on the dates and descriptions provided for the work done by counsel Rohlfing in March and May 2011, however, it does not appear that that work should properly be considered work done on this district court case. *See* 406(b) Mtn., Ex. 4. Accordingly, the court reduces the attorney hours in question to 4.8. The court also notes there appears to be a mathematical error in the total of paralegal hours (*see id.*), and so increases the paralegal hours in question to 4.0. Thus, the total combined attorney, law clerk, and paralegal hours in question 32.9.

Of the 32.9 hours, only 4.8 – about 15 percent – are attorney hours. This is lower than usual, and should be taken into account in assessing the reasonableness of the fees using the lodestar check. Defendant contends the court should value

the law clerk and paralegal hours at their EAJA hourly rates of $150 and $122.99 respectively, which would push the attorney hourly rate (for the 4.8 hours allowed by the court) to more than $2,400. *See* Def.'s Resp. at 4 n.3. Plaintiff's counsel objects to this methodology, and the court agrees that it is flawed. Counsel's own EAJA hourly rate was only $180.59. *See* 406(b) Mtn., Ex. 4. Defendant offers no reason why the court should consider the law clerk and paralegal hourly rates at only the EAJA rate when doing the lodestar check, but not the attorney hourly rate. Indeed, following this methodology might have the perverse result of encouraging attorneys to perform work that could reasonably be performed by law clerks or paralegals.

Further, as plaintiff's counsel notes, other courts have routinely combined attorney and paralegal time when conducting the lodestar check. *See, e.g., Crawford*, 586 F.3d at 1145-46. Doing so here, fees of $16,000 for 32.9 total hours of combined attorney and paralegal work amounts to a de facto hourly rate of $486.32. One way of taking into account that only 15 percent of these hours are attorney time would be to assume the attorney rate is twice that of the law clerk or paralegal rate, and calculate the hourly rates accordingly. Doing so results in a law clerk/paralegal rate of $424.40 (for 28.1 hours) and an attorney rate of $848.81 (for 4.8 hours). These rates are high, but not out of line with the de facto hourly rates in approved fee awards in other, similar cases. For example, in *Crawford*, the Ninth Circuit approved as reasonable the following fee awards as requested by plaintiffs' counsel:

- Counsel for Crawford requested and received fees of $21,000 on an $123,891.20 award of past-due benefits (16.95% of the recovery), for 19.5 hours of attorney time and 4.5 hours of paralegal time, for a combined de facto hourly rate of $875;
- Counsel for Washington requested and received fees of $11,500 on a $76,041 award of past-due benefits (15.12% of the recovery), for 17.45

       hours of attorney time and 4.7 hours of paralegal time, for a combined de facto hourly rate of $519.19; and

- Counsel for Trejo requested and received fees of $24,000 on a $172,223 award of past-due benefits (13.94% of the recovery), for 26.9 hours of attorney time and 2.6 hours of paralegal time, for a combined de facto hourly rate of $813.56.

*Crawford*, 586 F.3d at 1145-46, 1152.  Even assuming an $848 de facto attorney hourly rate here, that is less than the rate approved for counsel for Crawford, and is only slightly higher than the rate approved for counsel for Trejo, and those rates included paralegal time.  A $424 hourly rate for law clerk and paralegal work is high, but again is less than the rates approved in *Crawford*.

       Further, as noted, the fees sought amount to only 18.9 percent of the recovery here, less than counsel could have sought under the contingency fee agreement.  As noted by the court in *Crawford*:

> [T]he requested fees [in each of the three consolidated cases], which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.  In each case, counsel voluntarily evaluated the fees in comparison to the amount of time spent on the case.  In each case, counsel voluntarily reduced those fees substantially from the allowable 25%.

*Id.* at 1151-52.  The same is true in this case.

       In addition, counsel has represented he will not seek total fees (including the § 406(a) fees to which he may be entitled) in excess of the $21,203 withholding, and to that extent he has voluntarily limited the fees he might have sought.  *Cf. Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (holding 42 U.S.C. § 406(b) does not limit the total amount of attorney's fees awarded under both §§ 406(a) and 406(b)).  Moreover, the value of this case to plaintiff is

substantially greater than the $84,812 in past due benefits awarded.  In addition to the past-due benefits, plaintiff will receive ongoing monthly benefits payments, which began in April.  *See* 406(b) Mtn., Ex. 3.

As with any contingency fee agreement case, the risk of losing plaintiff's case – and thus the risk that counsel would not be paid at all – was substantial.  In light of the substantial risk, and given the work done, results achieved, and other circumstances in this case, the court finds that the fees that counsel seeks here are not unreasonable.

### III.
### CONCLUSION

Based upon the foregoing considerations, the court GRANTS the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  Accordingly, IT IS ORDERED: (1) the Commissioner shall pay fees in the amount of $16,000.00 to the Law Offices of Lawrence D. Rohlfing out of the sum withheld by the Commissioner from plaintiff's benefits; and (2) the Law Offices of Lawrence D. Rohlfing shall reimburse $4,500.00 to plaintiff.

**IT IS SO ORDERED.**


DATED:  April 30, 2013                          _____
                                                SHERI PYM
                                                United States Magistrate Judge